# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00702-CR

**Cullin Lane Lumpkins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT NO. 09-294-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Appellant Cullin Lane Lumpkins pleaded guilty to two counts of aggravated sexual assault of a child and four counts of indecency with a child by sexual contact. *See* Tex. Penal Code Ann. §§ 22.021, 21.11 (West 2011). He entered his pleas open to the court without benefit of a plea agreement as to the punishment. Following a punishment hearing, the court adjudged Lumpkins guilty on all counts and assessed punishment at forty years' imprisonment for each count of sexual assault and twenty years' imprisonment for each count of indecency with a child by sexual contact, with the sentences to run concurrently.

Lumpkins's court-appointed attorney filed a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*,

573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974);

*Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972); *Gainous v. State*, 436 S.W.2d 137

(Tex. Crim. App. 1969). Lumpkins received a copy of counsel's brief and was advised of his right

to examine the appellate record and to file a pro se brief. *See Anders*, 386 U.S. at 744. No pro se

brief has been filed.

We have reviewed the record and counsel's brief and agree that the appeal is frivolous

and without merit. We find nothing in the record that might arguably support the appeal. *See*

*Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Counsel's motion to withdraw

is granted.[1]

We note, however, that the judgments of conviction contain clerical errors. The

judgments indicate that the court assessed punishment on each count pursuant to the terms of a plea

agreement. In fact, Lumpkins entered pleas of guilty on all counts without any agreement with the

State as to the terms of punishment to be assessed.

---

[1] On the same day appellant's court-appointed attorney filed his motion to withdraw in this Court, he filed a copy of the same motion to withdraw in the trial court. While the trial court inadvertently signed an order granting the motion to withdraw, the trial court's order is wholly ineffective. *See* Tex. R. App. P. 25.1(b) ("The filing of a notice of appeal by any party invokes the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from."). A motion to withdraw as appellate counsel on grounds that an appeal "is wholly frivolous, after a conscientious examination" is properly decided by an appellate court. *See In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (noting that *Anders* brief accompanies motion to withdraw as assurance to appellate court that attorney has made a thorough and conscientious examination of record); *see also Garner v. State*, 300 S.W.3d 763, 766 & n. 14 (Tex. Crim. App. 2009) (noting that upon filing of *Anders* brief appellate court may confirm conviction and grant counsel's request to withdraw if it agrees that appeal is frivolous).

We modify the judgments of conviction to correct these clerical errors. *See Traylor v. State*, No. 09-09-00384-CR, 2010 Tex. App. LEXIS 4749, at *2 (Tex. App.—Beaumont June 23, 2010, no pet.) (mem. op., not designated for publication) (correcting clerical error in judgment before affirming conviction in frivolous appeal under *Anders*); *Tillman v. State*, No. 14-08-00053-CR, 2008 Tex. App. LEXIS 7882, at *4 (Tex. App.—Houston [14th Dist.] Oct. 16, 2008, pet. ref'd) (mem. op., not designated for publication) (same); *see also Johnson v. State*, No. 05-07-01004-CR, 2008 Tex. App. LEXIS 2148, at *3-4 (Tex. App.—Dallas Mar. 26, 2008, pet. ref'd) (not designated for publication) (modifying judgment to delete finding that appellant had violated community supervision on ground that had been abandoned by State at adjudication hearing). The judgments of conviction are modified to reflect that Lumpkins did not enter his pleas pursuant to any plea agreement.

The judgments of conviction are affirmed as modified.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Modified, and as Modified, Affirmed

Filed: December 29, 2011

Do Not Publish